7574                   UNITED STATES DISTRICT COURT
                       SOUTHERN DISTRICT OF FLORIDA
                            MIAMI DIVISION

MAIDEN SPECIALITY INSURANCE                    CASE NO.
COMPANY,

        Plaintiff,

vs.

THREE CHEFS AND A CHICKEN, INC.,
a Florida profit corporation; RUDYARD A.
MCDONNOUGH, an individual; RUDYARD
MCDONNOUGH, JR., an individual;
RICHARD MCDONNOUGH, an individual;
and CHICKEN KITCHEN USA, LLC, a Florida
Limited Liability Company,

        Defendants.

_____/

### COMPLAINT FOR DECLARATORY RELIEF

        COMES NOW the Plaintiff, MAIDEN SPECIALITY INSURANCE COMPANY,

(hereinafter referred to as "MAIDEN") and files this its Complaint for Declaratory Relief

against THREE CHEFS AND A CHICKEN, INC.; RUDYARD A. MCDONNOUGH,

RUDYARD MCDONNOUGH, JR., RICHARD MCDONNOUGH (hereinafter referred to

as "THREE CHEFS"); and CHICKEN KITCHEN USA, LLC (hereinafter referred to as

"CHICKEN KITCHEN"), and states as follows:

### NATURE OF ACTION

        1.      This is an action by MAIDEN for a Declaratory Judgment to determine the

parties respective rights, duties and obligations under a Policy of Commercial General

Maiden v. Three Chefs, et al.
Complaint for Declaratory Relief
Page 2

Liability Insurance.

2.      MAIDEN seeks a Declaratory Judgment to determine whether its policy of insurance provides liability insurance coverage for THREE CHEFS for alleged damages and other relief brought by the Defendant, CHICKEN KITCHEN, as a result of alleged actions which took place in Miami-Dade County, Florida.

## PARTIES

3.      The Plaintiff, MAIDEN INSURANCE COMPANY, is domiciled in the State of North Carolina.

4.      The Defendant, THREE CHEFS, is a Florida corporation organized and existing under the laws of Florida with its principle place of business in Miami/Dade County, Florida.

5.      RUDYARD MCDONNOUGH is a resident of Miami-Dade County, Florida and otherwise sui juris.

6.      RUDYARD MCDONNOUGH, JR. is a resident of Miami-Dade County, Florida and otherwise sui juris.

7.      RICHARD MCDONNOUGH is a resident of Miami-Dade County, Florida and otherwise sui juris.

8.      CHICKEN KITCHEN is a Florida corporation organized and existing under the laws of the State of Florida with its principle place of business in Miami-Dade County,

Maiden v. Three Chefs, et al.
Complaint for Declaratory Relief
Page 3

Florida.

## JURISDICTION AND VENUE

9.    This court has jurisdiction over this action pursuant to 28 USC Section 1332, 2201 and 2202.

10.    Venue is proper in this court pursuant to Section 28 USC 1391. The insurance contract between the Plaintiff and its named insured, THREE CHEFS AND A CHICKEN, was entered into within this district; the incident which gives rise to the claims of the Defendant, CHICKEN KITCHEN, occurred within this district; and a substantial part of the events or alleged omissions giving rise to the claim brought by the Defendant, CHICKEN KITCHEN, occurred within this district.

## FACTUAL ALLEGATIONS

11.    The Defendant, CHICKEN KITCHEN, through its principals is the alleged owner of the United States Registered Service Mark "Chicken Kitchen" to which they claim a related trade dress, and proprietary recipes associated with the operation of its restaurants.

12.    On or about August 27, 1999, the Defendant, CHICKEN KITCHEN, as a franchisor allegedly entered into a Franchisee Agreement with the McDonnough Investment Group, Inc. whose principals were RUDYARD MCDONNOUGH, RUDYARD MCDONNOUGH, JR. and RICHARD MCDONNOUGH.

13.    Pursuant to the Franchise Agreement, the McDonnough Investment Group,

Maiden v. Three Chefs, et al.
Complaint for Declaratory Relief
Page 4

Inc., as franchisee, allegedly opened a Chicken Kitchen franchise in Miami-Dade County, Florida.

14.     As a result of the operation of that franchise the McDonnough Investment Group, Inc. and the Defendant, RUDYARD MCDONNOUGH, RUDYARD MCDONNOUGH, JR. and RICHARD MCDONNOUGH, were allegedly privy to confidential and proprietary information and trade secrets.

15.     The Defendant, CHICKEN KITCHEN, and the McDonnough Investment Group, Inc. allegedly operated under the Franchise Agreement until its termination in November of 2007.

16.     On or about June, 2011, the Defendant, THREE CHEFS, by and through its principals and/or agents, RUDYARD MCDONNOUGH, RUDYARD MCDONNOUGH, JR. and RICHARD MCDONNOUGH, allegedly opened a competitive restaurant named "THREE CHEFS AND A CHICKEN" also located in Miami-Dade County, Florida.

17.     CHICKEN KITCHEN contends that the Three Chefs and a Chicken Restaurant is essentially a replica of CHICKEN KITCHEN which is using the Chicken Kitchen system in actual or intended competition with the Defendant, CHICKEN KITCHEN.

18.     The Defendant, CHICKEN KITCHEN, contends that the use of the Chicken Kitchen System by the Defendants, THREE CHEFS, is likely to cause confusion or mistake to deceive customer as to the source of its brand.

Maiden v. Three Chefs, et al.
Complaint for Declaratory Relief
Page 5

19.    CHICKEN KITCHEN contends that the Defendants, THREE CHEFS, have intentionally continued to use the Chicken Kitchen System knowing the existence of actual and/or likely customer confusion, demonstrating a wanton, willful or reckless disregard of CHICKEN KITCHEN's rights.

20.    CHICKEN KITCHEN contends that as a direct and proximate result of the unauthorized use of its Chicken Kitchen System, including it Manual of Operating Procedures, recipes, trade dress and other indicia of origin, that it has been damaged.

21.    As a result of these contentions, the Defendant, CHICKEN KITCHEN, initiated a lawsuit against the Defendants, THREE CHEFS, in the United State District Court, for the Southern District of Florida.  A copy of said Complaint for Damages is attached hereto as Exhibit "A".

22.    It is alleged within the Complaint for Damages (Exhibit "A") the following:

a)    CHICKEN KITCHEN has brought a claim for Misappropriation of Trade Secrets under Florida Statute 688.001 against the Defendants, THREE CHEFS, seeking damages, injunctive relief, costs, attorneys fees, as well as an award of all profits THREE CHEFS derived from and all damages suffered by the Defendant, CHICKEN KITCHEN, by reason of the THREE CHEFS' unlawful use of its confidential and proprietary trade secrets along with prejudgment interest and any other relief deemed just and proper by the court.

Maiden v. Three Chefs, et al.
Complaint for Declaratory Relief
Page 6

(b)     The Defendant, CHICKEN KITCHEN, has brought a claim for Injury to Business Reputation and Dilution in violation of Florida Statute 495.151 seeking damages and injunctive relief from THREE CHEFS, as well as payment of all profits realized by the THREE CHEFS on any products sold using its Chicken Kitchen System, its MOP, recipes, or any imitation of its service mark or Chicken Kitchen System; along with treble damage in accordance with Florida Statute 495.141 (1) based on willful violations; and award of attorney's fees and costs in accordance with Florida Statute 495.141(1) based on such a willful violation; and other just and proper relief as the court seems proper.

(c)     The Defendant, CHICKEN KITCHEN, has brought a claim for trade dress infringement in violation of 15 USC 1125(a)- Lanham Act seeking preliminary and permanent injunction for infringement of it's trade dress; damages as a consequence of THREE CHEFS' acts, together with appropriate interest, including three times the amount found as actual damages pursuant to 15 USA Section 1117(a); and an accounting of all gains; profits; and advantages realized by THREE CHEFS; along with further relief as the court deems just and proper.

(d)     The Defendant, CHICKEN KITCHEN, has brought a claim for an action for unfair competition in violation of 15 USC 1125(a) - Lanham Act against THREE CHEFS seeking a preliminary and permanent injunction for infringement of the Chicken Kitchen System and related trade dress, including any and all allegedly confusing similar

Maiden v. Three Chefs, et al.
Complaint for Declaratory Relief
Page 7

variants thereof, including an injunction against THREE CHEFS and its employees and agents from operating a restaurant using its confidential recipes and for utilizing for its restaurant its MOP and any of its trade secrets, trade dress or confidential information; along with damages for the acts of unfair competition, together with appropriate interest, including three times the amount found as actual damages by the trier of fact pursuant to 15 USC Section 1117(a); and an accounting of all gains, profits, savings and advantages realized by THREE CHEFS, along with other relief that the court finds just and proper.

(e)     The Defendant, CHICKEN KITCHEN, has brought a claim for unfair competition in violation of Florida common law seeking a preliminary and permanent injunction against THREE CHEFS for infringement of its Chicken Kitchen System and related trade dress, including any and all confusing similar variants thereof, including but not limited to enjoining THREE CHEFS and its employees and agents from operating a restaurant using its confidential recipes and from utilizing for its restaurant its MOP or any other trade secrets or confidential information; along with requiring THREE CHEFS to pay to the Defendant, CHICKEN KITCHEN, all profits realized by THREE CHEFS on any products sold using its recipes or any imitation of its service mark or Chicken Kitchen System; including an accounting of all gains, profits, saving and advantages; along with other and further relief as deemed just and proper by the court.

(f)     The Defendant, CHICKEN KITCHEN, has brought a claim for violation

Maiden v. Three Chefs, et al.
Complaint for Declaratory Relief
Page 8

of Florida's Deceptive and Unfair Business Practices Act pursuant to Florida Statute 501.201

including damages and injunctive relief, along with reasonable costs and attorney's fees as

provided by Section 501.2105 of the Florida Statutes.

23.     The Plaintiff, MAIDEN, issued a policy of Commercial General Liability

insurance to the Defendant, THREE CHEFS.  A copy of said policy is attached hereto as

Exhibit "B".

a)     The policy of insurance issued by the Plaintiff, MAIDEN, to the

Defendant THREE CHEFS, provides insurance coverage to the Defendant, THREE CHEFS,

pursuant to coverage B Personal and Advertising Injury Liability which states as follows:

(1) Insuring Agreement

"We will pay those sums if the insured becomes legally obligated to pay as
damages because of personal and advertising injury' to which this insurance
applies.  We will have the right and duty to defend the insured against any
'suit' seeking those damages.  However, we will have no duty to defend the
insured against any 'suit' 'seeking damages for personal and advertising
injury' to which this insurance does not apply."

b)     "Personal and Advertising Injury" is defined by the policy as follows:

"Personal and advertising injury" means injury, including consequential
"bodily injury", arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;

b. Malicious prosecution;

c. The wrongful eviction from, wrongful entry into, or invasion of the
right of private occupancy of a room, dwelling or premises that a

Maiden v. Three Chefs, et al.
Complaint for Declaratory Relief
Page 9

person occupies, committed by or on behalf of its owner, landlord or lessor;

d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

f. The use of another's advertising idea in your "advertisement"; or

g. Infringing upon another's copyright, trade dress or slogan in your

"advertisement".

c)    Advertisement is defined within the policy as:

## SECTION V - DEFINITIONS

1. "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters.  For the purposes of this definition:

a.    Notices that are published include material placed on the Internet or on similar electronic means of communication; and

b.    Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

## COUNT I

24.    Plaintiff readopts and realleges paragraphs 1 through 23 as if fully set forth herein.

25.    The allegations of the Complaint made by the Defendant, CHICKEN KITCHEN, against THREE CHEFS in whole or in part are not "personal and advertising injuries" as defined by the policy of insurance, and are therefore not covered by the policy

Maiden v. Three Chefs, et al.
Complaint for Declaratory Relief
Page 10

of insurance.

## COUNT II

26.     Plaintiff readopts and realleges paragraphs 1 through 23 as if fully set forth

herein.

27.     The policy of insurance includes the following Exclusion:

**2. Exclusions**

This insurance does not apply to:

a.      **Knowing Violation of Rights of Another**

"Personal and advertising injury" caused by or at the direction of the

insured with the knowledge that the act would violate the rights of

another and would inflict "personal and advertising injury."

28.     In so far as the court may find allegations of the Complaint brought by

CHICKEN KITCHEN are "Personal and Advertising Injuries" as defined by the insurance

policy, those claims for damages, attorney's fees, profits based on willful violations, are

excluded and therefore not covered by the policy of insurance.

## COUNT III

29.     Plaintiff readopts and realleges paragraphs 1 through 23 as if fully set forth

herein.

Maiden v. Three Chefs, et al.
Complaint for Declaratory Relief
Page 11

30.     The policy of insurance includes the following Exclusion:

**i.  Infringement of Copyright, Patent, Trademark Or Trade Secret**

"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.  Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement".

However, this exclusion does not apply to infringement, in you "advertisement", of copyright, trade dress or slogan.

31.     In so far as the court may find allegations of the Complaint brought by CHICKEN KITCHEN are "personal and advertising injuries" as defined by the policy of insurance, those claims for damages for infringement of copyrights, trademark, trade secret or other intellectual rights are excluded and are therefore not covered by the policy of insurance.

## <u>COUNT IV</u>

32.     Plaintiff readopts and realleges paragraphs 1 through 23 as if fully set forth herein.

33.     The policy of insurance includes an Exclusion which reads as follows:

The following Exclusion is added to **SECTION I- COVERAGES,** paragraph **2.  Exclusions** of **COVERAGE . . .   COVERAGE B PERSONAL AND ADVERTISING INJURY. .** :

**2.  Exclusions**

This insurance does not apply to:

Maiden v. Three Chefs, et al.
Complaint for Declaratory Relief
Page 12

### Punitive Damages

Any claim of or indemnification for punitive or exemplary damages.  If a "suit" seeking both compensatory and punitive or exemplary damages has been brought against you for a claim covered by this policy, we will provide defense for such action. We will not have any obligation to pay for any costs, interest or damages attributable to punitive or exemplary damages.

34.     The damages sought by the Defendant, CHICKEN KITCHEN, include damages which would be punitive or exemplary in nature and are therefore excluded and not covered by the policy of insurance.

### <u>COUNT V</u>

35.     Plaintiff readopts and realleges paragraphs 1  through 23 as if fully set forth herein.

36.     The policy of insurance provides coverage for "Personal and Advertising Injury for those sums that the insured becomes legally obligated to pay as damages.

37.     The policy includes the following coverage for Supplemental Payments - Coverage B:

1. We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

e.  All court costs taxed against the insured in the "suit".  However, these payments do not include attorneys' fees or attorneys' expenses taxed against the

Maiden v. Three Chefs, et al.
Complaint for Declaratory Relief
Page 13

insured.

38.    The claim for attorney's fees pursuant to the Statute are not "damages" to which the insurance policy provides coverage.

WHEREFORE, the Plaintiff, MAIDEN, moves this Court for an entry of Final Declaratory Judgment regarding the following:

a)    Whether the claims brought by CHICKEN KITCHEN against the Defendants, THREE CHEFS are in whole or in part "personal and advertising injuries" as defined by the policy of insurance.

b)    What claims, if any, brought by the Defendant, CHICKEN KITCHEN, against the Defendants, THREE CHEFS, are "personal and advertising injuries" as defined by the policy of insurance.

c)    In so far as the Court may find allegations of the Complaint brought by CHICKEN KITCHEN are "personal and advertising injuries", whether those claims and/or damages are excluded pursuant to the "Knowing Violation of Rights of Another Exclusion" within the policy of insurance.

d)    In so far as the Court may find allegations of the Complaint brought by CHICKEN KITCHEN are "personal and advertising injuries", whether those claims for damages would be excluded by the "Infringement of Copyright, Patent, Trade Mark or Trade Secret" Exclusion.

Maiden v. Three Chefs, et al.
Complaint for Declaratory Relief
Page 14

e)      Whether the damages sought by the Defendant, CHICKEN KITCHEN, against

the Defendants, THREE CHEFS, include damages for punitive or exemplary damages.

f)      What damages, if any, sought by the Defendant, CHICKEN KITCHEN, against

the Defendants, THREE CHEFS, would be considered punitive or exemplary damages and

therefore excluded under the policy of insurance.

g)      Whether the claims for attorney's fees made by the Defendant, CHICKEN

KITCHEN, against the Defendants, THREE CHEFS, are covered under the policy of

insurance.

Dated this 25th day of July, 2012.

                                WIEDERHOLD, MOSES, KUMMERLEN
                                & WARONICKI, P.A.
                                Attorneys for Plaintiff
                                560 Village Blvd., Suite 240 (33409)
                                P. O. Box 3918
                                West Palm Beach, FL 33402
                                561/615-6775
                                561/615-7225 - Facsimile


                                By_____
                                    Robert D. Moses
                                    Florida Bar No. 182860