7574

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:12-cv-22724-JAL

MAIDEN SPECIALITY INSURANCE
COMPANY,

      Plaintiff,

vs.

THREE CHEFS AND A CHICKEN, INC.,
a Florida profit corporation; RUDYARD A.
MCDONNOUGH, an individual; RUDYARD
MCDONNOUGH, JR., an individual;
RICHARD MCDONNOUGH, an individual;
and CHICKEN KITCHEN USA, LLC, a Florida
Limited Liability Company,

      Defendants.

_____/

## AMENDED COMPLAINT FOR DECLARATORY RELIEF

COMES NOW the Plaintiff, MAIDEN SPECIALITY INSURANCE COMPANY,

(hereinafter referred to as "MAIDEN") and files this its Amended Complaint for Declaratory

Relief against THREE CHEFS AND A CHICKEN, INC.; RUDYARD A. MCDONNOUGH,

RUDYARD MCDONNOUGH, JR., RICHARD MCDONNOUGH (hereinafter referred to

as "THREE CHEFS"); and CHICKEN KITCHEN USA, LLC (hereinafter referred to as

"CHICKEN KITCHEN"), and states as follows:

## NATURE OF ACTION

1.      This is an action by MAIDEN for a Declaratory Judgment to determine the

Maiden v. Three Chefs, et al.
Amended Complaint for Declaratory Relief
Page 2

parties respective rights, duties and obligations under a Policy of Commercial General Liability Insurance.

2.      MAIDEN seeks a Declaratory Judgment to determine whether its policy of insurance provides liability insurance coverage for THREE CHEFS for alleged damages and other relief brought by the Defendant, CHICKEN KITCHEN, as a result of alleged actions which took place in Miami-Dade County, Florida.

## PARTIES

3.      The Plaintiff, MAIDEN INSURANCE COMPANY, is domiciled in the State of North Carolina.

4.      The Defendant, THREE CHEFS, is a Florida corporation organized and existing under the laws of Florida with its principle place of business in Miami/Dade County, Florida.

5.      RUDYARD MCDONNOUGH is a resident of Miami-Dade County, Florida and otherwise sui juris.

6.      RUDYARD MCDONNOUGH, JR. is a resident of Miami-Dade County, Florida and otherwise sui juris.

7.      RICHARD MCDONNOUGH is a resident of Miami-Dade County, Florida and otherwise sui juris.

8.      CHICKEN KITCHEN is a Florida corporation organized and existing under

Maiden v. Three Chefs, et al.
Amended Complaint for Declaratory Relief
Page 3

the laws of the State of Florida with its principle place of business in Miami-Dade County,

Florida.

## JURISDICTION AND VENUE

9.     This court has jurisdiction over this action pursuant to 28 USC Section 1332,

2201 and 2202.

10.     Venue is proper in this court pursuant to Section 28 USC 1391. The insurance

contract between the Plaintiff and its named insured, THREE CHEFS AND A CHICKEN,

was entered into within this district; the incident which gives rise to the claims of the

Defendant, CHICKEN KITCHEN, occurred within this district; and a substantial part of the

events or alleged omissions giving rise to the claim brought by the Defendant, CHICKEN

KITCHEN, occurred within this district.

## FACTUAL ALLEGATIONS

11.     The Defendant, CHICKEN KITCHEN, through its principals is the alleged

owner of the United States Registered Service Mark "Chicken Kitchen" to which they claim

a related trade dress, and proprietary recipes associated with the operation of its restaurants.

12.     On or about August 27, 1999, the Defendant, CHICKEN KITCHEN, as a

franchisor allegedly entered into a Franchisee Agreement with the McDonnough Investment

Group, Inc. whose principals were RUDYARD MCDONNOUGH, RUDYARD

MCDONNOUGH, JR. and RICHARD MCDONNOUGH.

Maiden v. Three Chefs, et al.
Amended Complaint for Declaratory Relief
Page 4

13.     Pursuant to the Franchise Agreement, the McDonnough Investment Group, Inc., as franchisee, allegedly opened a Chicken Kitchen franchise in Miami-Dade County, Florida.

14.     As a result of the operation of that franchise the McDonnough Investment Group, Inc. and the Defendant, RUDYARD MCDONNOUGH, RUDYARD MCDONNOUGH, JR. and RICHARD MCDONNOUGH, were allegedly privy to confidential and proprietary information and trade secrets.

15.     The Defendant, CHICKEN KITCHEN, and the McDonnough Investment Group, Inc. allegedly operated under the Franchise Agreement until its termination in November of 2007.

16.     On or about June, 2011, the Defendant, THREE CHEFS, by and through its principals and/or agents, RUDYARD MCDONNOUGH, RUDYARD MCDONNOUGH, JR. and RICHARD MCDONNOUGH, allegedly opened a competitive restaurant named "THREE CHEFS AND A CHICKEN" also located in Miami-Dade County, Florida.

17.     CHICKEN KITCHEN contends that the Three Chefs and a Chicken Restaurant is essentially a replica of CHICKEN KITCHEN which is using the Chicken Kitchen system in actual or intended competition with the Defendant, CHICKEN KITCHEN.

18.     The Defendant, CHICKEN KITCHEN, contends that the use of the Chicken Kitchen System by the Defendants, THREE CHEFS, is likely to cause confusion or mistake

Maiden v. Three Chefs, et al.
Amended Complaint for Declaratory Relief
Page 5

to deceive customer as to the source of its brand.

19.    CHICKEN KITCHEN contends that the Defendants, THREE CHEFS, have intentionally continued to use the Chicken Kitchen System knowing the existence of actual and/or likely customer confusion, demonstrating a wanton, willful or reckless disregard of CHICKEN KITCHEN's rights.

20.    CHICKEN KITCHEN contends that as a direct and proximate result of the unauthorized use of its Chicken Kitchen System, including it Manual of Operating Procedures, recipes, trade dress and other indicia of origin, that it has been damaged.

21.    As a result of these contentions, the Defendant, CHICKEN KITCHEN, initiated a lawsuit against the Defendants, THREE CHEFS, in the United State District Court, for the Southern District of Florida.  A copy of said Second Complaint for Damages is attached hereto as Exhibit "A".

22.    It is alleged within the Complaint for Damages (Exhibit "A") the following:

a)    CHICKEN KITCHEN has brought a claim for breach of contract seeking injunctive relief against the Defendants ,THREE CHEFS, seeking a preliminary and permanent injunction against the Defendants for the use of Plaintiff's confidential recipes and trade secrets, without requiring the posting of a bond pursuant to the terms of the Franchise Agreement, as well as an award of all profits Defendants and its principals derive from, and all damages suffered by Plaintiff by reason of Defendants' unlawful use of

Maiden v. Three Chefs, et al.
Amended Complaint for Declaratory Relief
Page 6

Plaintiff's confidential and proprietary information and other breaches, an award of costs and attorneys' fees incurred in the action, and prejudgment interest, along with such further relief this Honorable Court deems just and proper.

(b)     The Defendant, CHICKEN KITCHEN, has brought a claim for Injury to Business Reputation and Dilution in violation of Florida Statute 495.151 seeking damages and injunctive relief from THREE CHEFS, as well as payment of all profits realized by the THREE CHEFS on any products sold using its Chicken Kitchen System, its MOP, recipes, or any imitation of its service mark or Chicken Kitchen System; along with treble damage in accordance with Florida Statute 495.141 (1) based on willful violations; and award of attorney's fees and costs in accordance with Florida Statute 495.141(1) based on such a willful violation; and other just and proper relief as the court seems proper.

(c)     The Defendant, CHICKEN KITCHEN, has brought a claim for trade dress infringement in violation of 15 USC 1125(a)- Lanham Act seeking preliminary and permanent injunction for infringement of it's trade dress; damages as a consequence of THREE CHEFS' acts, together with appropriate interest, including three times the amount found as actual damages pursuant to 15 USA Section 1117(a); and an accounting of all gains; profits; and advantages realized by THREE CHEFS; along with further relief as the court deems just and proper.

(d)     The Defendant, CHICKEN KITCHEN, has brought a claim for an

Maiden v. Three Chefs, et al.
Amended Complaint for Declaratory Relief
Page 7

action for unfair competition in violation of 15 USC 1125(a) - Lanham Act against THREE

CHEFS seeking a preliminary and permanent injunction for infringement of the Chicken

Kitchen System and related trade dress, including any and all allegedly confusing similar

variants thereof, including an injunction against THREE CHEFS and its employees and

agents from operating a restaurant using its confidential recipes and for utilizing for its

restaurant its MOP and any of its trade secrets, trade dress or confidential information; along

with damages for the acts of unfair competition, together with appropriate interest, including

three times the amount found as actual damages by the trier of fact pursuant to 15 USC

Section 1117(a); and an accounting of all gains, profits, savings and advantages realized by

THREE CHEFS, along with other relief that the court finds just and proper.

(e)     The Defendant, CHICKEN KITCHEN, has brought a claim for unfair

competition in violation of Florida common law seeking a preliminary and permanent

injunction against THREE CHEFS for infringement of its Chicken Kitchen System and

related trade dress, including any and all confusing similar variants thereof, including but not

limited to enjoining THREE CHEFS and its employees and agents from operating a

restaurant using its confidential recipes and from utilizing for its restaurant its MOP or any

other trade secrets or confidential information; along with requiring THREE CHEFS to pay

to the Defendant, CHICKEN KITCHEN, all profits realized by THREE CHEFS on any

products sold using its recipes or any imitation of its service mark or Chicken Kitchen

Maiden v. Three Chefs, et al.
Amended Complaint for Declaratory Relief
Page 8

System; including an accounting of all gains, profits, saving and advantages; along with other and further relief as deemed just and proper by the court.

        (f)     The Defendant, CHICKEN KITCHEN, has brought a claim for violation of Florida's Deceptive and Unfair Business Practices Act pursuant to Florida Statute 501.201 including damages and injunctive relief, along with reasonable costs and attorney's fees as provided by Section 501.2105 of the Florida Statutes.

      23.    The Plaintiff, MAIDEN, issued a policy of Commercial General Liability insurance to the Defendant, THREE CHEFS. A copy of said policy is attached hereto as Exhibit "B".

        a)     The policy of insurance issued by the Plaintiff, MAIDEN, to the Defendant THREE CHEFS, provides insurance coverage to the Defendant, THREE CHEFS, pursuant to coverage B Personal and Advertising Injury Liability which states as follows:

(1) Insuring Agreement

    "We will pay those sums if the insured becomes legally obligated to pay as damages because of personal and advertising injury' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' 'seeking damages for personal and advertising injury' to which this insurance does not apply."

        b)     "Personal and Advertising Injury" is defined by the policy as follows:

    "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

Maiden v. Three Chefs, et al.
Amended Complaint for Declaratory Relief
Page 9

      a. False arrest, detention or imprisonment;

      b. Malicious prosecution;

      c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

      d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

      f. The use of another's advertising idea in your "advertisement"; or
      g. Infringing upon another's copyright, trade dress or slogan in your

      "advertisement".

    c)     Advertisement is defined within the policy as:

## SECTION V - DEFINITIONS

1. "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

    a.     Notices that are published include material placed on the Internet or on similar electronic means of communication; and

    b.     Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

## <u>COUNT I</u>

24.     Plaintiff readopts and realleges paragraphs 1 through 23 as if fully set forth herein.

Maiden v. Three Chefs, et al.
Amended Complaint for Declaratory Relief
Page 10

25.     The allegations of the Complaint made by the Defendant, CHICKEN KITCHEN, against THREE CHEFS in whole or in part are not "personal and advertising injuries" as defined by the policy of insurance, and are therefore not covered by the policy of insurance.

## COUNT II

26.     Plaintiff readopts and realleges paragraphs 1 through 23 as if fully set forth herein.

27.     The policy of insurance includes the following Exclusion:

**2. Exclusions**

This insurance does not apply to:

a.      **Knowing Violation of Rights of Another**

        "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

28.     In so far as the court may find allegations of the Complaint brought by CHICKEN KITCHEN are "Personal and Advertising Injuries" as defined by the insurance policy, those claims for damages, attorney's fees, profits based on willful violations, are excluded and therefore not covered by the policy of insurance.

## COUNT III

Maiden v. Three Chefs, et al.
Amended Complaint for Declaratory Relief
Page 11

29.     Plaintiff readopts and realleges paragraphs 1 through 23 as if fully set forth

herein.

30.     The policy of insurance includes the following Exclusion:

**i. Infringement of Copyright, Patent, Trademark Or Trade Secret**

"Personal and advertising injury" arising out of the infringement of copyright,
patent, trademark, trade secret or other intellectual property rights. Under this
exclusion, such other intellectual property rights do not include the use of
another's advertising idea in your "advertisement".

However, this exclusion does not apply to infringement, in you
"advertisement", of copyright, trade dress or slogan.

31.     In so far as the court may find allegations of the Complaint brought by

CHICKEN KITCHEN are "personal and advertising injuries" as defined by the policy of

insurance, those claims for damages for infringement of copyrights, trademark, trade secret

or other intellectual rights are excluded and are therefore not covered by the policy of

insurance.

## <u>COUNT IV</u>

32.     Plaintiff readopts and realleges paragraphs 1 through 23 as if fully set forth

herein.

33.     The policy of insurance includes an Exclusion which reads as follows:

The following Exclusion is added to **SECTION I- COVERAGES,** paragraph **2. Exclusions**

Maiden v. Three Chefs, et al.
Amended Complaint for Declaratory Relief
Page 12

of **COVERAGE . . . COVERAGE B PERSONAL AND ADVERTISING INJURY. . :**

**2. Exclusions**

This insurance does not apply to:

**Punitive Damages**

Any claim of or indemnification for punitive or exemplary damages. If a "suit" seeking both compensatory and punitive or exemplary damages has been brought against you for a claim covered by this policy, we will provide defense for such action. We will not have any obligation to pay for any costs, interest or damages attributable to punitive or exemplary damages.

34.     The damages sought by the Defendant, CHICKEN KITCHEN, include damages which would be punitive or exemplary in nature and are therefore excluded and not covered by the policy of insurance.

<u>**COUNT V**</u>

35.     Plaintiff readopts and realleges paragraphs 1  through 23 as if fully set forth herein.

36.     The policy of insurance provides coverage for "Personal and Advertising Injury for those sums that the insured becomes legally obligated to pay as damages.

37.     The policy includes the following coverage for Supplemental Payments - Coverage B:

Maiden v. Three Chefs, et al.
Amended Complaint for Declaratory Relief
Page 13

1. We will pay, with respect to any claim we investigate or settle, or any "suit" against

an insured we defend:

e. All court costs taxed against the insured in the "suit". However, these
payments do not include attorneys' fees or attorneys' expenses taxed against the
insured.

38. The claim for attorney's fees pursuant to the Statute are not "damages" to which

the insurance policy provides coverage.

WHEREFORE, the Plaintiff, MAIDEN, moves this Court for an entry of Final

Declaratory Judgment regarding the following:

a) Whether the claims brought by CHICKEN KITCHEN against the Defendants,

THREE CHEFS are in whole or in part "personal and advertising injuries" as defined by the

policy of insurance.

b) What claims, if any, brought by the Defendant, CHICKEN KITCHEN, against

the Defendants, THREE CHEFS, are "personal and advertising injuries" as defined by the

policy of insurance.

c) In so far as the Court may find allegations of the Complaint brought by

CHICKEN KITCHEN are "personal and advertising injuries", whether those claims and/or

damages are excluded pursuant to the "Knowing Violation of Rights of Another Exclusion"

within the policy of insurance.

d) In so far as the Court may find allegations of the Complaint brought by

Maiden v. Three Chefs, et al.
Amended Complaint for Declaratory Relief
Page 14

CHICKEN KITCHEN are "personal and advertising injuries", whether those claims for

damages would be excluded by the "Infringement of Copyright, Patent, Trade Mark or Trade

Secret" Exclusion.

  e)  Whether the damages sought by the Defendant, CHICKEN KITCHEN, against

the Defendants, THREE CHEFS, include damages for punitive or exemplary damages.

  f)  What damages, if any, sought by the Defendant, CHICKEN KITCHEN, against

the Defendants, THREE CHEFS, would be considered punitive or exemplary damages and

therefore excluded under the policy of insurance.

  g)  Whether the claims for attorney's fees made by the Defendant, CHICKEN

KITCHEN, against the Defendants, THREE CHEFS, are covered under the policy of

insurance.

  I hereby certify that on the 22nd of August, 2012 I electronically filed the
foregoing with the Clerk of the Court by using the CM-ECF system which will send a notice
of the electronic filing to the following: Julie Schwartz-Karron, Esq., Hinshaw & Culbertson,
LLP, One East Broward Blvd., Suite 1010, Ft. Lauderdale, FL 33301.

        s/ Robert D. Moses
        Robert D. Moses
        Florida Bar No. 182860
        Attorney for Plaintiff
        Wiederhold & Moses, P.A.
        Brandywine Centre II, Suite 240
        560 Village Blvd.
        P.O. Box 3918 (33402)
        West Palm Beach, FL 33409
        Telephone: 561-615-6775
        Facsimile:  561-615-7225
        rmoses@wmrfla.com